FILED
2010 Feb-18  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **RACHEL J. POINTER MAHALEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  5:09-CV-0347-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff Rachel J. Pointer Mahaley ("Ms. Mahaley") brings this action pursuant to 42 U.S.C. §§ 216(i) and 223 of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Ms. Mahaley timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g),

---

[1]    In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

§ 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Mahaley was a 54-year-old female at the time of her hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 38). She has a limited education, and the last grade that she fully finished was the tenth. (*Id.*). Ms. Mahaley never obtained a GED. (*Id.*).

Ms. Mahaley's past work experiences include temporary services and fast food cooking positions. (Tr. 46). Ms. Mahaley claims disability beginning on July 26, 2006. (Tr. 22). Ms. Mahaley suffers from diabetes mellitus II; asthma; and hypertension. (*Id.*).

Ms. Mahaley protectively filed a Title II application for a period of disability and DIB and a Title XVI application for SSI on August 17, 2006. (Tr. 20). The DIB and SSI claims were denied initially on November 28, 2006. (Tr. 20, 62). Ms. Mahaley timely filed a request for a hearing on December 11, 2006. (Tr. 20, 67). The hearing before the ALJ was held on July 22, 2008. (Tr. 20, 32). The ALJ concluded Ms. Mahaley was not disabled as defined by the Social Security Act and denied both of her applications on August 12, 2008. (Tr. 20-26).

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Ms. Mahaley filed a request for review on August 18, 2008. (Tr. 14). On December 23, 2008, the Appeals Council denied review, which resulted in the ALJ's decision being the final decision of the Commissioner. (Tr. 1).

On February 20, 2009, Ms. Mahaley filed her complaint with this court asking for review of the ALJ's decision. (Doc. 1). This court has carefully considered the record, and for the reasons stated below, remands the Commissioner's denial of benefits for further evidentiary development and consideration.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

3

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;

---

[3]  The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 19, 2009.

4

(4)     whether the claimant can perform her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).   "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).   The Commissioner must further show that such work exists in the national economy in significant numbers.  *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Ms. Mahaley had not engaged in substantial gainful activity since the alleged onset of her disability on July 22, 2006.  (Tr. 22). Thus, the claimant satisfied step one of the five-step test.  20 C.F.R. § 404.1520(b).  Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments:  diabetes mellitus II, asthma, and hypertension."  (Tr. 10 (citations omitted)).  Accordingly, the

ALJ concluded that Ms. Mahaley satisfied the second step of the sequential disability evaluative process.  20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Ms. Mahaley did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23).  Ms. Mahaley does not dispute this finding on appeal.

The ALJ evaluated Ms. Mahaley's residual functional capacity ("RFC") at step four, and the claimant was found to have the ability to "perform a reduced range of medium work[.]"  (Tr. 23).  The ALJ then explained Ms. Mahaley's vocational limitations:

> The claimant is limited to frequent use of the left upper extremity.  She is right handed.  The claimant is restricted from working on ladders, ropes, and scaffolds.  She is restricted from working at unprotected heights.  She is restricted from concentrated exposure to extreme heat and cold.  She should avoid exposure to fumes, odors, dusts, gases, and environments with poor ventilation.

(Tr. 23).  Against this backdrop, the ALJ determined that despite her impairments, Ms. Mahaley was "capable of performing past relevant work as a cook" because "this [type of] work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."  (Tr. 26 (citations omitted)).

Because of the ALJ's finding that Ms. Mahaley was able to perform past relevant work, it was unnecessary to continue to step five of the sequential analysis. (Tr. 26). Accordingly, the ALJ concluded Ms. Mahaley was not disabled as defined by the Social Security Act, at any time from July 22, 2006, through August 12, 2008, the date of the ALJ's decision, and denied both her DIB and SSI claims. (*Id.*).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]

In this appeal, Ms. Mahaley first contends that the ALJ erred in "failing to adequately consider the claim under the Medical-Vocational Rules[.]" (Doc. 9 at 4 (emphasis omitted)). Ms. Mahaley also argues that "[t]he ALJ's findings are not based upon substantial evidence." (*Id.* at 5 (emphasis omitted)).

_____

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Within this second section of her brief, Ms. Mahaley challenges the validity of the ALJ's RFC determination. The court turns to the RFC issue first, and agrees with Ms. Mahaley that under the circumstances of her case, the ALJ committed reversible error.[5]

## I.   IN THE ABSENCE OF A MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN, THE ALJ'S RFC DETERMINATION THAT MS. MAHALEY CAN PERFORM A REDUCED RANGE OF MEDIUM WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

Regarding her RFC, Ms. Mahaley specifically maintains:

> The ALJ's RFC findings are not based on any medical opinion of record because there is no medical opinion of record, examining or reviewing. The ALJ purported to give some but not great weight to the opinions of the Disability Determination Service consultant at Exhibit 13F (R. 311) and consultative physician Dr. Gill at Exhibit 12F (R. 307-309) (R. 26). <u>The problem with this rationale is that there is no discernable opinion in either of these exhibits. Neither produced a medical source opinion or RFC in the customary format designed to meet the specificity requirements of Social Security Rule (SSR) 96-8p</u>.

(Doc. 9 at 5 (emphasis added)).

In support of his RFC determination, the ALJ states:

> As for the opinion evidence, some, but not great weight is given to the opinion of the DDS consultant as contained in Exhibit 13F. This opinion is not entitled to substantial weight as it is from a non-treating, non-examining source and additional evidence has been received since that time. Some, but not great weight is given to the opinion of Dr. Gill

---

[5]   As a result, the court does not reach any of the other issues raised on appeal.

as contained in Exhibit 12F.  Doctor Gill's opinion that the claimant was not giving a full effort during the exam is given great weight.  Doctor Gill is an experienced physician, and has performed many examinations for DDS.  The actual subjective findings on the exam are given less weight due to the claimant's questionable effort.

(Tr. 26).

The court has studied Exhibits 12F and 13F which the ALJ expressly relied upon in support of Ms. Mahaley's RFC of medium work with restrictions.  Neither exhibit constitutes a medical source opinion that indicates what type of work Ms. Mahaley is capable of performing or delineates whether any vocational restrictions are appropriate given her severe impairments of diabetes mellitus II, hypertension, and asthma.[6]

Further, while the physical summary record (Exhibit 13F) does indicate that Ms. Mahaley's "CE is normal expect of complaints pain without associated physical findings." (Tr. 311), there is no underlying physical capacities evaluation form supporting this conclusion.  Also, a related report from a DDS consultant found Ms. Mahaley's subjective statements to be at least "partially credible"  (Tr. 312), and a capacities evaluation of "normal" is inconsistent with partially crediting Ms.

---

[6] "Medical source statements are 'medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis.'"  SSR 96-5p.

Mahaley's subjective complaints.  Finally, the ALJ determined that "[t]his opinion [*i.e.*, Exhibit 13F] is not entitled to substantial weight as it is from <u>a non-treating, non-examining source</u>."  (Tr. 26 (emphasis added)).

Similarly, while, in Exhibit 12F, Dr. Gill provides certain medical findings after conducting a musculoskeletal examination of Ms. Mahaley (Tr. 308-09), none of this data is translated into any corresponding vocational assessment, *i.e.*, Ms. Mahaley's ability to lift, stand, grip, etc.  *See, e.g., Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make that connection himself.'") (citation omitted).

Moreover, the degree to which Dr. Gill factored in Ms. Mahaley's asthmatic condition is unclear because while the severe impairment is discussed as part of her past medical history, including weekly "episdode[s] of choking and wheezing" and the "use [of] Nebulizer treatments once or twice a week" (Tr. 307),[7] it is not included in Dr. Gill's overall assessment of Ms. Mahaley, which instead is limited to chronic

---

[7]   Therefore, the ALJ's statement that "[t]he claimant did not report any breathing problems to Dr. Gill" is plainly refuted by the record.  (Tr. 24, 307).

left elbow pain, chronic right shoulder/scapular pain, generalized pain, and diabetes. (Tr. 309).

Therefore, neither Exhibit 12F nor Exhibit 13F provides substantial evidence to support the ALJ's RFC determination. Relatedly, the court does not see where the RFC determination and any of the job-related restrictions that the ALJ did place on Ms. Mahaley, *i.e.*, limiting the frequent use of her left hand; restricting her from working on ladders, ropes, scaffolds, and unprotected heights; and avoiding concentrated exposure to extreme heat, cold, exposure to fumes, odors, dusts, gases, and environments with poor ventilation are set forth in another underlying record. *See, e.g., Rohrberg*, 26 F. Supp. 2d at 311 (D. Mass. 1998) ("The ALJ failed to refer to-and this Court has not found-a proper, medically determined RFC in the record.").

With respect to the express vocational limitations in particular, the ALJ seems to have arbitrarily arrived at these after only partially crediting Ms. Mahaley's subjective complaints. (*See, e.g.*, Tr. 24 ("Due to the possibility of problems secondary to diabetes, the claimant is restricted from working on ladders, ropes, or scaffolding, and at unprotected heights." ); *id.* ("Despite this, the claimant is given the benefit of the doubt with regard to some of her breathing complaints, and the claimant's residual functional capacity includes some pulmonary restrictions.")).

11

As another district judge of this court aptly explained the RFC issue in the context of an ALJ who similarly determined that the claimant was able to perform her past relevant work without the benefit of a physical capacities evaluation:

> While the Record contains Ms. Rogers' medical treatment history, it lacks any physical capacities evaluation by a physician. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. <u>An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person</u>. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). <u>In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required</u>. *Id.* <u>In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Ms. Roger's physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations</u>. Further, Ms. Rogers' ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. Ms. Rogers' residual functional capacity was not properly determined nor supported by substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006) (emphasis added); *see also Manso-Pizarro*, 76 F.3d at 17 ("With a few exceptions (not relevant here), <u>an ALJ, as a lay person, is not qualified to interpret raw data in a medical record</u>.") (emphasis added) (citations omitted); *Rohrberg*, 26 F. Supp. 2d at 311 ("<u>An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings</u>, and as a result an ALJ's determination of RFC without a medical

advisor's assessment is not supported by substantial evidence.") (emphasis added) (citation omitted).

Comparable to *Rogers*, *Manso-Pizarro*, and other similar cases, a lay person is not able to discern Ms. Mahaley's work-related functional abilities based upon the unfiltered information contained in her medical records. Therefore, in the absence of a medical source statement and/or any physical capacities evaluation conducted on her by a physician, the record has not been adequately developed. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations omitted). Relatedly, the ALJ's determination that Ms. Mahaley can perform a reduced range of medium work is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is

not supported by substantial evidence.   Accordingly, the decision of the Commissioner will be remanded by separate order.

      **DONE** and **ORDERED** this the 18th day of February, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge